1   Marc Thomas Litton (SBN 119985)
    tmlitton@gmail.com
2   **SANFORD WITTELS & HEISLER, LLP**
    555 Montgomery Street, Suite 820
3   San Francisco, CA 94111
    Telephone: (415) 421-4770
4   Facsimile:  (415) 421-4784

5
    Steven L. Wittels (N.Y. SBN 2004635) (*Pro Hac Vice* Admission Pending)
6   swittels@nydclaw.com
7   **SANFORD WITTELS & HEISLER, LLP**
    1350 Avenue of the Americas, Suite 3100
8   New York, N.Y. 10019
    Telephone: (646) 723-2947
9   Facsimile:  (646) 723-2948

10  Michael F. Ram (SBN 104805)
11  mram@ramolson.com
    Karl Olson (SBN 104760)
12  kolson@ramolson.com
13  **RAM & OLSON LLP**
    555 Montgomery Street, Suite 820
14  San Francisco, CA 94111
    Telephone: (415) 433-4949
15  Facsimile:  (415) 433-7311

16  *Attorneys for Plaintiffs Dorothy McCarthy, Sarndra McKnight,*
    *and Janice Clifton and the FLSA and California Plaintiff Classes*

17

18              **UNITED STATES DISTRICT COURT**
            **NORTHERN DISTRICT OF CALIFORNIA**
19

20  DOROTHY MCCARTHY, SARNDRA        CASE NO.
    MCKNIGHT, AND JANICE CLIFTON,
21  INDIVIDUALLY AND ON BEHALF OF
    ALL OTHERS SIMILARLY SITUATED,
22                                   **COMPLAINT FOR COLLECTIVE**
                                     **ACTION UNDER THE FAIR LABOR**
23          PLAINTIFFS,              **STANDARDS ACT AND CLASS ACTION**
                                     **UNDER CAL. LABOR LAW**
24      v.

25  VALERO ENERGY CORPORATION,
    VALERO RETAIL HOLDINGS, INC.,
26  AND VALERO SERVICES, INC.        **JURY TRIAL DEMANDED**

27          DEFENDANTS.

28

1    Plaintiffs Dorothy McCarthy, Sarndra McKnight, and Janice Clifton (collectively,

2    "Named Plaintiffs" or "Plaintiffs"), individually and on behalf of all others similarly situated, by

3    and through their attorneys, Sanford Wittels & Heisler, LLP and Ram & Olson, LLP, upon

4    personal information as to themselves and upon information and belief as to all other matters,

5    allege as follows:

6    **I.        JURISDICTION AND VENUE**

7         1.      This Court has subject matter jurisdiction over Plaintiffs' federal Fair Labor

8    Standards Act ("FLSA") claims pursuant to 28 U.S.C. § 1331 because the action alleges

9    violations of a federal statute, 29 U.S.C. § 201 *et seq.*  Supplemental jurisdiction exists over

10   Plaintiffs' California state law claims pursuant to 28 U.S.C. § 1367.

11        2.      The Court has personal jurisdiction over Defendants because Valero Energy

12   Corporation, Valero Retail Holdings, Inc. and Valero Services, Inc. (collectively, "Valero," the

13   "Company," or "Defendants"), presently and at all times relevant to this action, has conduced

14   substantial and continuous commercial activities, including maintaining retail stores in the

15   counties of San Francisco, San Mateo, Sonoma, Napa and Alameda, California.  Valero Retail

16   Holdings, Inc. and Valero Services, Inc. also maintain a Registered Agent in California.

17        3.      Venue is proper to the Northern District of California pursuant to 28 U.S.C. §

18   1391 because a substantial part of the events and omissions giving rise to this action occurred in

19   this District and because this Court has personal jurisdiction over the corporate Defendants.

20   **II.       NATURE OF THIS CLASS AND COLLECTIVE ACTION**

21        4.      This action seeks to remedy the illegal labor practices of Valero – the largest

22   independent petroleum refiner in North America – which cheats Plaintiffs and the Class of non-

23   exempt "corner store workers" out of hard-earned wages for their work virtually around-the-

24   clock operating company-owned convenience stores – commonly known as "Valero Corner

25   Stores" – located in nearly every state in the country.

26        5.      In violation of federal and state wage and hour laws, Valero's wrongful acts

27   against Plaintiffs and the Class include:

28

(i) failing to pay wages for all hours worked, including "on-call" time and other mandatory "off-the-clock" work;

(ii) failing to pay overtime wages for work in excess of eight hours in one workday and/or 40 hours in one workweek;

(iii) failing to provide full and uninterrupted off-duty meal periods during the workday;

(iv) failing to authorize and permit paid rest breaks during the workday;

(v) making unlawful deductions from employees' earned wages; and

(vi) failing to record, maintain, and timely furnish employees with payroll records accurately showing their total hours worked and wages earned.

6.     While Plaintiffs and the Class of corner store employees worked long unpaid overtime hours to keep thousands of Valero Corner Stores opened close to 24-hours a day, Valero reaped windfall profits at their expense. As the largest independent petroleum refiner in North America, Valero operates a network of approximately 5,800 retail and wholesale branded stores where the Company sells nearly two-hundred thousand barrels of fuel a day. To maintain its high volume of daily fuel sales, Valero compels its corner store employees to work virtually around-the-clock every day while paying them less than $15 per hour or, at times, nothing at all for their work.

7.     With nearly 6,000 Valero-branded stores, Valero employs thousands of workers to operate its Valero Corner Stores throughout the United States. These workers hold hourly, non-exempt positions, including "Store Managers" and "Assistant Managers," at Valero stores in nearly every state in the country, including California.

8.     The Named Plaintiffs bring their claims:

1      a.      individually and as a collective action under the Fair Labor Standards Act, 29

2  U.S.C. § 216(b), and

3      b.      individually and as a class action under Rule 23 of the Federal Rules of Civil

4  Procedure and the applicable California wage and hour laws, on behalf of all current and former

5  Valero Corner Store workers in California.

6      9.      Since at least 2005 to the present, Named Plaintiffs and the Class have suffered

7  common financial harm as a result of Valero's past and present violations of (a) the Fair Labor

8  Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* (Counts 1 and 2); (b) California's wage and

9  hour laws (including but not limited to California Labor Code §§ 200, 221-223, 226, 226.7, 400-

10  410, 510, 512, 558, 1174, 1174.5, 1194) (Counts 3, 4, 5, 6, 7, and 8); (c) Industrial Welfare

11  Commission ("I.W.C.") Wage Order 7-2001, California Code of Regulation, Title 8, § 11070

12  (Counts 4, 5, 7, and 8); and (d) the Unfair Competition Law ("UCL"), California Business and

13  Professions Code §§ 17200 *et seq.* (Count 9).

14      10.     Named Plaintiffs' FLSA collective action claims are brought on behalf of all

15  Valero non-exempt Corner Store workers, including "Store Managers" and "Assistant

16  Managers," who worked in any state where Valero operates a retail store.  Named Plaintiffs seek

17  compensation for all unpaid wages, including but not limited to (a) all unpaid minimum wages,

18  and (b) all unpaid overtime compensation, for hours worked "off-the-clock" that were required,

19  suffered or permitted by Defendants, plus liquidated damages and/or interest, injunctive and

20  declaratory relief, and attorneys' fees and costs under the FLSA 29 U.S.C. §§ 207 and 216(b).

21      11.     Named Plaintiffs' class action claims are brought on behalf of all Valero non-

22  exempt Corner Store workers, including "Store Managers" and "Assistant Managers," who

23  worked in California.  Through their class-wide claims, Named Plaintiffs seek compensation for

24  all unpaid wages, including but not limited to (a) all unpaid wages, and (b) all unpaid overtime

25  compensation, for hours worked "off-the-clock" that were required, suffered or permitted by

26  Defendants, and (c) all damages permitted by California wage and hour laws, plus restitution and

27  disgorgement of all benefits Valero obtained from their unlawful practices, injunctive and

28  declaratory relief, interest, and attorneys' fees and costs.

III.   **THE PARTIES**

   A.   **The Named Plaintiffs**

   12.   At all times relevant to this action, **Plaintiff Dorothy McCarthy** has resided in Santa Cruz, California.  Plaintiff McCarthy was formerly employed as an hourly, non-exempt Store Manager at Valero Corner Store, Valero Station #3734, 2202 Mission Avenue, Santa Cruz, California from October 1997 until June 2009.

   13.   At all times relevant to this action, **Plaintiff Sarndra McKnight** has resided in Santa Cruz, California.  Plaintiff McKnight is currently employed as an hourly, non-exempt Store Manager at Valero Corner Store, Valero Station #3503, 1319 Ocean Street, Santa Cruz, California.  She has held corner store manager positions at Valero since approximately March 2005, including Assistant Manager from March 2005 until March 2007, and Store Manager from June 2008 until the present.

   14.   At all times relevant to this action, **Plaintiff Janice Clifton** has resided in Santa Cruz, California.  Plaintiff Clifton was formerly employed as an hourly, non-exempt Assistant Manager at Valero Corner Store, Valero Station #3734, 2202 Mission Avenue, Santa Cruz, California from approximately March 2008 until June 2009.

   B.   **The Defendants**

   15.   Named Plaintiffs are informed and believe that **Defendant Valero Energy Corporation** is an independent energy corporation doing business in the State of California with its headquarters in San Antonio, Texas.  As North America's largest independent petroleum refiner and marketer, Valero has about 22,000 employees, 16 refineries, seven ethanol plants and approximately 5,800 retail and wholesale branded outlets.  Valero is the 10th largest company on the Fortune 500 list with annual revenue of approximately $119 billion.

   16.   Named Plaintiffs are informed and believe that **Defendant Valero Retail Holdings, Inc**. is a convenience store subsidiary of Valero Energy Corporation located in San Antonio, Texas.   Through its retail division, Valero sells refined products such as conventional gasoline, jet fuel and lubricants through a network of several thousand retail and wholesale

1   branded stores in North America, including California.  In addition to transportation fuels, Valero

2   stores sell snacks, candy, beer, fast foods, cigarettes and fountain drinks.

3          17.     Named Plaintiffs are informed and believe that **Defendant Valero Services, Inc.**

4   is a convenience store subsidiary of Valero Energy Corporation located in San Antonio, Texas.

5   Through its retail division, Valero sells refined products such as conventional gasoline, jet fuel

6   and lubricants through a network of several thousand retail and wholesale branded stores in North

7   America, including California.  In addition to transportation fuels, Valero stores sell snacks,

8   candy, beer, fast foods, cigarettes and fountain drinks.

9          18.     Named Plaintiffs are informed and believe that Valero operates thousands of

10  Valero-branded retail corner store locations, coast to coast, in the United States.  It operates

11  nearly 100 retail stores in the San Francisco Bay Area alone.  Valero's company-owned stores are

12  operated primarily under the brand name Valero Corner Store®.  Other trademarks and trade

13  names under which Valero conducts its retail business – include Valero®, Diamond Shamrock®,

14  Shamrock®, Ultramar®, Beacon®, and Stop N Go®.

15  **IV.    FACTUAL ALLEGATIONS**

16         19.     For many years, Valero has met increasing fuel sales demands with the cheapest

17  option available – a relatively limited number of twenty-four hour retail workers.  Valero assigns

18  only one employee per store to "manage" its 24-hour operations uniformly across its network of

19  company-operated corner stores. Around-the-clock responsibilities mean Valero corner store

20  workers essentially have full responsibility for "their" Valero store at all times.

21         20.     To fulfill their around-the-clock responsibilities, Valero corner store employees

22  must work well beyond their scheduled work hours -- working "off-the-clock," including "on-

23  call" time and through meal periods and rest breaks -- without compensation nearly every

24  workweek.

25         21.     Named Plaintiffs are informed and believe that Valero has uniformly enforced

26  these unlawful labor practices against thousands of workers in every state where Valero operates

27  a retail corner store, including California, during the Class Period.

28

A.      **Summary of the Named Plaintiffs' Wage and Hour Claims**

1.      **Plaintiff Dorothy McCarthy**

22.      Plaintiff Dorothy McCarthy dedicated nearly 12 years of service to Valero.  In October 1997, she joined Valero as a Single Store Manager.  Her Valero Corner Store was Valero Station #3734 located at 2202 Mission Avenue in Santa Cruz, California.  Ms. McCarthy managed the same store until her termination in June 2009.

23.      Like other Valero Store Managers, Plaintiff McCarthy had a scheduled shift of 45 hours per week.  She received her regular rate of pay of approximately $16 per hour for 40 hours each workweek, and overtime pay at one and one-half times her regular rate for 5 hours each workweek.  Ms. McCarthy was also eligible to earn a trimester bonus.  However, any bonus she earned was subject to penalty deductions for "excessive store manager overtime" and other business losses.

24.      Although her scheduled shift was 45 hours, Plaintiff McCarthy regularly worked much more.   She worked through meal periods and rest breaks because, as the only Store Manager assigned to the store, she had no one to cover her duties during a break.  Additionally, because Valero required Ms. McCarthy to perform on-call duty 24 hours per day to respond to immediate problems at the store, she also worked "off-the-clock" after her scheduled shift, performing "on-call" work and responding to off-duty calls from the store.  She also had to return to the store while off-duty, in the middle of the night and during weekends, for various reasons (*e.g.*, setting the alarm, locking the front door).

25.      Ms. McCarthy regularly worked more than eight hours per day and 40 hours per week without payment of proper overtime compensation as required by the FLSA and California state wage and hour laws. Valero had full knowledge of the "off-the-clock" overtime hours that she worked.  She was also encouraged and/or required to (a) work in excess of five hours per day without taking a full and uninterrupted off-duty meal period of at least one half hour and/or (b) to work in excess often 10 hours per day without taking a second full and uninterrupted off-duty meal period of at least one half hour. Ms. McCarthy was also not authorized or permitted to take rest periods mandated by California law.  Her earned wages were also deducted.

26.     As a direct result of Valero's unlawful conduct, Ms. McCarthy has suffered harm, injury and damages in addition to being deprived of the wages, overtime and other legal protections to which she was entitled under federal and California law.

### 2.     Plaintiff Sarndra McKnight

27.     Plaintiff Sarndra McKnight has dedicated nearly 5 years of service to Valero.  In March 2005, she joined Valero as an Assistant Manager.  Her Valero Corner Store is Valero Station #3503 located at 1319 Ocean Street in Santa Cruz, California.  Ms. McKnight has managed the same store since she joined Valero.

28.     Like other Valero Single Store Managers, Plaintiff McKnight has a scheduled shift of 45 hours per week.  She receives her regular rate of pay of approximately $16 per hour for 40 hours each workweek, and overtime pay at one and one-half times her regular rate for 5 hours each workweek.  Ms. McKnight is also eligible to earn a trimester bonus.  However, any bonus she earns is subject to penalty deductions for "excessive store manager overtime" and other business losses.

29.     Although her scheduled shift was 45 hours, Plaintiff McKnight regularly worked much more.   She worked through meal periods and rest breaks because, as the only Store Manager assigned to the store, she has no one to cover her duties during a break.  Additionally, because Valero requires Ms. McKnight to perform on-call duty 24 hours per day to respond to immediate problems at the store, she also works "off-the-clock" after her scheduled shift, performing "on-call" work and responding to off-duty calls from the store.  She also has to return to the store while off-duty, in the middle of the night and during weekends, for various reasons (e.g., setting the alarm, locking the front door).

30.     Ms. McKnight regularly works more than eight hours per day and 40 hours per week without payment of overtime compensation as required by the FLSA and California state wage and hour laws. Valero has full knowledge of the "off-the-clock" overtime hours that she works.  She is also encouraged and/or required to (a) work in excess of five hours per day without taking a full and uninterrupted off-duty meal period of at least one half hour and/or (b) work in excess often 10 hours per day without taking a second full and uninterrupted off-duty

1    meal period of at least one half hour. Ms. McKnight is also not authorized or permitted to take

2    rest periods mandated by California law.  Her earned wages are also deducted.

3           31.    As a direct result of Valero's unlawful conduct, Ms. McKnight has suffered harm,

4    injury and damages in addition to being deprived of the wages, overtime and other legal

5    protections to which she was entitled under federal and California law.

6                  **3.    Plaintiff Janice Clifton**

7           32.    Plaintiff Janice Clifton dedicated nearly 2 years of service to Valero.  In March

8    2008, she joined Valero as a Customer Service Representative and later was promoted to an

9    Assistant Manager.  Her Valero Corner Store was Valero Station #3734 located at 2202 Mission

10   Avenue in Santa Cruz, California.  Ms. Clifton managed the same store until her termination in

11   June 2009.

12          33.    Like other Valero Assistant Managers, Plaintiff Clifton had a scheduled shift of 40

13   hours per week.  She received her regular rate of pay of approximately $10 per hour for 40 hours

14   each workweek, and no overtime pay.  Ms. Clifton was also eligible to earn a trimester bonus.

15   However, any bonus she earned was subject to penalty deductions.

16          34.    Although her scheduled shift was 40 hours, Plaintiff Clifton regularly worked

17   much more.   She worked through meal periods and rest breaks because she was the only

18   Assistant Manager assigned to the store.  Additionally, because Valero required Ms. Clifton to

19   perform on-call duty 24 hours per day to respond to immediate problems at the store, she also

20   worked "off-the-clock" after her scheduled shift, performing "on-call" work and responding to

21   off-duty calls from the store.  She also had to return to the store while off-duty, in the middle of

22   the night and during weekends, for various reasons (*e.g.*, setting the alarm, locking the front

23   door).

24          35.    Ms. Clifton regularly worked more than eight hours per day and 40 hours per

25   week without payment of proper overtime compensation as required by the FLSA and California

26   state wage and hour laws. Valero had full knowledge of the "off-the-clock" overtime hours that

27   she worked.  She was also encouraged and/or required to (a) work in excess of five hours per day

28   without taking a full and uninterrupted off-duty meal period of at least one half hour and/or (b) to

1 | work in excess often 10 hours per day without taking a second full and uninterrupted off-duty

2 | meal period of at least one half hour. Ms. Clifton was also not authorized or permitted to take rest

3 | periods mandated by California law. Her earned wages were also deducted.

4 | 36. As a direct result of Valero's unlawful conduct, Ms. Clifton has suffered harm,

5 | injury and damages in addition to being deprived of the wages, overtime and other legal

6 | protections to which she was entitled under federal and California law.

7 | **B. Summary of Valero's Unlawful Labor Practices**

8 | **1. Failure to Pay All Hours Worked "Off-the-Clock"**

9 | 37. Valero requires corner store workers to regularly work "off-the-clock" -- i.e. work

10 | hours not recorded or paid -- in order to operate Valero Corner Stores.

11 | 38. Valero mandates "off-the-clock" work by:

12 | a. requiring corner store employees to be "on-call" without compensation at

13 | all times outside their scheduled shift to respond immediately to any on-site issue at their Valero

14 | store;

15 | b. requiring corner store employees to perform work without compensation at

16 | any time outside their scheduled shift to respond to any on-site issue at their Valero store; and

17 | c. encouraging corner store employees to work through mandatory meal

18 | periods and/or rest breaks without compensation.

19 | **a. Unpaid "On-Call" Work Time**

20 | 39. Valero expects corner store workers to be "on-call" around-the-clock. One worker

21 | is required to be "on-call" at each corner store. The "on-call" worker must respond to all calls

22 | from the store within a short time-period. When a worker is not available for "on-call" time, they

23 | face discipline by Valero management. Valero also requires workers to find a substitute to cover

24 | for them if they cannot be "on-call" around-the-clock on any given day.

25 | 40. Valero's unlawful "on-call" practice is neither isolated nor sporadic. Rather, all

26 | corner store workers are expected to comply with its illegal "on-call" practice. When employees

27 | have asked to be relieved from unpaid "on-call" duty, Valero has consistently refused.

28 | Employees' complaints about the practice have also been ignored.

1

### b.    Unpaid Work Time Responding to Calls

2      41.    As a result of Valero's 24-hour "on-call" practice, a typical corner store worker

3  must respond on average to several calls a day.  These employees are often required to solve on-

4  site problems by phone.  If a solution cannot be reached by phone, the employee must return to

5  the store while off-duty, in the middle of the night and during weekends, for various reasons

6  (*e.g.*, setting the alarm, locking the front door).  Employees are not paid for this work time.

7      ### 2.    Failure to Pay All Overtime Due

8      42.    As a result of Valero's illegal practices, a typical corner store employee works

9  anywhere from 10 to 20 additional unpaid overtime hours per week "off-the-clock" responding to

10  off-duty calls from the store.  These employees also work additional overtime hours during the

11  time they are "on-call."

12      43.    Upon information and belief, Valero corner store employees who worked more

13  than eight hours per day and 40 hours per week did not receive overtime compensation at one and

14  one-half times their regular hourly rate as required by the FLSA and California law.

15      44.    Because Valero fails to record or pay any compensable hours worked by

16  employees "off-the-clock," whether the employee is responding to calls, handling on-site

17  problems by phone or rushing back to store whenever needed, these corner store workers are

18  owed substantial overtime compensation.

19      ### 3.    Failure to Provide Meal Periods

20      45.    As a result of Valero's illegal practices, corner store workers regularly work more

21  than five hours a day without any meal period.  Workers usually eat at the store while they work,

22  or not at all.  When workers do attempt to take an off-duty meal period, they are unable to take

23  the full 30-minute meal period without interruption.

24      46.    Similarly, employees who worked at least 10 hours a day did not receive a second

25  full and uninterrupted off-duty meal period of at least a half hour in which they were relieved of

26  all duties.

27      47.    Valero knowingly and willfully permitted, encouraged and/or required Named

28  Plaintiffs and the Class of corner store workers to forego these meal periods. Named Plaintiffs

Case No. _____ -- COMPLAINT FOR COLLECTIVE ACTION UNDER THE FAIR LABOR
STANDARDS ACT AND CLASS ACTION UNDER CAL. LABOR LAW

11

1  and the Class do not fall within any exemption to the meal period requirements of the Labor

2  Code and applicable Wage Orders.

3           **4.      Failure to Provide Rest Breaks**

4           48.     As a result of Valero's illegal practices, corner store workers regularly worked

5  over a four hour period without a rest break.  Valero has not authorized and permitted them to

6  take a paid 10-minute rest period in which they were relieved of all duties.

7           49.     Valero knowingly and willfully permitted, encouraged, and/or required Named

8  Plaintiffs and the Class of corner store workers to forego these rest periods. Named Plaintiffs and

9  the Class do not fall within any exemption to the meal period requirements of the Labor Code

10  and applicable Wage Orders.

11          **5.      Making Unlawful Wage Deductions**

12          50.     Valero has wrongfully deducted wages earned by Named Plaintiffs and the Class

13  of corner store workers.  They Company deducts wages from workers for many reasons,

14  including but not limited to "excessive store manager overtime" and business losses identified

15  through audits of store inventory.

16          **6.      Failure to Provide Timely Pay Records**

17          51.     Valero has failed to furnish Named Plaintiffs and the Class of corner store workers

18  with timely itemized wage statements accurately showing total hours worked, net wages earned

19  and gross wages earned by each worker.

20          52.     Valero has also failed to record and maintain accurate payroll records showing

21  total hours worked, the start and end of each work period, meal periods, gross wages earned, and

22  net wages earned for Named Plaintiffs and Class Members.

23  **V.     FLSA COLLECTIVE ACTION ALLEGATIONS**

24          53.     **Nationwide FLSA Collective Action Opt-In Class (FLSA Claims):** Named

25  Plaintiffs bring Counts 1 and 2 for violations of the FLSA as a collective action pursuant to

26  Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated

27  Valero corner store workers during the applicable statute of limitations period in every state

28

where Valero operates a retail store.  The FLSA Collective Action Opt-In Class of Valero

employees that Plaintiffs seek to represent is defined as follows:

> All persons who are, were, or will be employed by Valero as "Corner Store
> Workers" at any time since July 2006 (the "FLSA Class Period").  "Corner Store
> Workers" include, but is not limited to, the job titles of Store Manager or
> Assistant Manager.

54.     Questions of law and fact common to the FLSA Collective Action Opt-In Class as

a whole include but are not limited to the following:

a)     Whether Valero failed and continues to fail to fully pay retail corner store
workers for all hours worked and wages earned in violation of FLSA, 29 U.S.C §§ 201 *et seq.*;

b)     Whether Valero failed and continues to fail to fully pay retail corner store
workers for all overtime compensation earned in violation of FLSA, 29 U.S.C §§ 201 *et seq.*;

c)     Whether Valero's policy and practice of failing to fully pay retail corner
store workers (i) for all hours worked and wages earned and/or (ii) for all overtime
compensation earned violates applicable provisions of the FLSA;

d)     Whether Valero's failure to pay retail corner store workers (i) for all hours
worked and wages earned and/or (ii) for all overtime compensation earned was "willful" within
the meaning of the FLSA, 29 U.S.C §§ 201 *et seq.*;

e)     Whether Valero failed and continues to fail to maintain accurate records of
hours worked in violation of the FLSA, 29 U.S.C §§ 201 *et seq*; and

f)     Whether Valero failed and continues to fail to provide accurate wage
statements itemizing all hours worked and wages earned in 29 U.S.C §§ 201 *et seq.*

55.     Counts 1 and 2 for violations of the FLSA may be brought and maintained as an

"opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for all claims

asserted by the FLSA Collective Action Opt-In Class because the claims of the Plaintiffs are

similar to the claims of the members of the FLSA Collective Action Opt-In Class.

56.     Plaintiffs McCarthy, McKnight, and Clifton, and the FLSA Collective Action Opt-

In Class (a) are similarly situated, (b) have substantially similar job requirements and pay

provisions, and (c) are subject to Defendants' common policy and practice of failing to pay for all

hours worked and wages earned, and failing to fully pay for all overtime in violation of the

FLSA.

## VI.   CLASS ACTION ALLEGATIONS

57.   **California Class (California Labor Code and Wage Order Claims):** Plaintiffs bring their state wage and hour claims in this case in their individual capacities and as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all similarly situated Valero corner store workers during the applicable statute of limitations period in California.  The Class of Valero's employees in California that Plaintiffs seek to represent is defined as follows:

> All persons who are, were, or will be employed by Valero in California as "Corner Store Workers" at any time since July 2005 (the "California Class Period").  "Corner Store Workers" includes, but is not limited to, all persons with the job titles of Store Manager or Assistant Manager.

58.   This action has been brought and may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable:

> a)   **Numerosity:**  The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Valero has employed hundreds of people as non-exempt corner store workers in California during the Class Period.  Joinder of all members of the proposed class is not practicable.

> b)   **Commonality:** There are questions of law and fact common to the Plaintiffs and the Class that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, without limitation:

>> i.   Whether Valero failed and continues to fail to fully pay retail corner store workers for all hours worked in violation of California Labor Code §§ 200, 1194 *et seq.*;

>> ii.   Whether Valero failed and continues to fail to fully pay retail corner store workers all overtime compensation earned in violation of California Labor Code §§ 510, 558, 1194 *et seq.* and California Business and Professions Code §§ 17200 *et seq.*;

>> iii.   Whether Valero failed and continues to fail to fully provide retail corner store workers proper meal and rest breaks in violation of California Labor Code §§ 226.7, 512 and Wage Order No 7-2001 and California Business and Professions Code §§ 17200 *et seq.*;

>> iv.   Whether Valero failed and continues to fail to make, keep, preserve

and/or timely furnish records of retail store workers' daily hours worked, including the start and end of each work period, meal periods, and wages earned in violation of California Labor Code §§ 226 and 1174;

v.     Whether Valero conduct is "unlawful," "unfair" or "fraudulent" under the California Business and Professions Code §§ 17200 *et seq.*;

vi.    Whether Valero should be enjoined from continuing its unlawful practices;

vii.   Whether Valero is liable to the California class; and

viii.  Whether the Class can be made whole by payment of damages.

c)     **Typicality:** Named Plaintiffs' claims are typical of the claims of the Class. Plaintiffs and Class Members sustained injuries and damages arising of and caused by Valero's common course of conduct in violation of law as alleged in this Demand.

d)     **Adequacy of Representation:** Named Plaintiffs are members of the Class and will fairly and adequately represent and protect the interest of the Class Members.  Counsels who represent the Named Plaintiffs are competent and experienced in litigating large wage and hour and other employment class actions.

e)     **Superiority of Class Action:** A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each Class Member has been damaged and is entitled to recovery by reasons of Valero's illegal policies and/or practices of permitting, encouraging, and/or requiring retail store workers to work off-the-clock and in excess of forty hours per week and/or eight hours per day without paying due compensation, failing to provide proper meal and rest periods and failing to provide accurate itemized statements.

## CAUSES OF ACTION

## COUNT 1

**UNLAWFUL FAILURE TO PAY MINUMUM WAGES DUE**
**(FLSA Claims, 29 U.S.C. §§ 201 *et seq.*; Brought by Named Plaintiffs on Behalf of Themselves and All Members of the Nationwide FLSA Collective Action Opt-In Class)**

59.    Named Plaintiffs, on behalf of themselves and the FLSA Collective Action Opt-In Class, incorporate by reference all prior allegations of this Demand.

60.     During all relevant times, Valero was, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

61.     During all relevant times, Valero required, and continues to require, their employees to work "off-the-clock" without compensation in violation of 29 U.S.C. §§ 201-219.

62.     Valero's policy and practice of failing to pay employees who work "off-the-clock" is specifically prohibited by 29 C.F.R. § 785.11, which requires employers to compensate employees for any work an employee is "suffered or permitted" to perform.  Named Plaintiffs, and others similarly situated, are denied rightful compensation for time spent before and after scheduled shifts in violation of the FLSA.  The performed off-the-clock tasks are integral and essential to Plaintiffs' primary employment and required by Defendants.  Valero is obligated to compensate employees for these tasks under 29 U.S.C. §§ 201 *et seq.*

63.     Valero willfully engaged in a widespread pattern and practice of violating the provisions of the FLSA by not paying Named Plaintiffs, as well as all others similarly situated, earned minimum wages in accordance with 29 U.S.C. §§ 206 and 207.

64.     As a result of Defendants' violations of the FLSA, Named Plaintiffs, as well as all others similarly situated, suffered damages by being denied earned minimum wages in accordance with sections 206 and 207 of the FLSA.

65.     This conduct constitutes a "willful" violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Because Defendants willfully violated the FLSA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

66.     As a result of Defendants' unlawful acts, Named Plaintiffs and all similarly situated current and former employees are being deprived of earned wages in amounts to be determined at trial.  They are entitled to recover all damages for unpaid overtime and hours worked off-the-clock, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

Case No. _____ -- COMPLAINT FOR COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT AND CLASS ACTION UNDER CAL. LABOR LAW

16

## COUNT 2

### UNLAWFUL FAILURE TO PAY OVERTIME DUE
**(FLSA Claims, 29 U.S.C. §§ 201 *et seq.*; Brought by Named Plaintiffs on Behalf of Themselves and All Members of the Nationwide FLSA Collective Action Opt-In Class)**

67.     Named Plaintiffs, on behalf of themselves and all FLSA Collective Action Opt-In Class, repeat and incorporate by reference all prior allegations of this Demand.

68.     During all relevant times, Valero was, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

69.     During all relevant times, Valero required, and continues to require, its employees to work in excess of forty hours per workweek without additional compensation at one and one half their regular rate of pay as required by the FLSA.

70.     Valero willfully engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by not paying Named Plaintiffs, as well as all others similarly situated, proper overtime wages in accordance with 29 U.S.C. §§ 206 and 207.

71.     As a result of Defendants' violations of the FLSA, Named Plaintiffs, as well as all others similarly situated, suffered damages by being denied proper overtime wages in accordance with sections 206 and 207 of the FLSA.

72.     This conduct constitutes a "willful" violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Because Defendant willfully violated the FLSA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

73.     As a result of Defendant's unlawful acts, Named Plaintiffs and all similarly situated employees are being deprived of overtime compensation in amounts to be determined at trial.  They are entitled to recover damages for all unpaid overtime, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT 3

### UNLAWFUL FAILURE TO PAY ALL HOURS WORKED
**(California Labor Code §§ 200, 1194 *et seq.*; Brought by Named Plaintiff on Behalf of Themselves and All Members of the California Class)**

74.     Named Plaintiffs, on behalf of themselves and all members of the California Class, repeat and incorporate by reference all prior paragraphs as if fully set forth herein.

75.     During all relevant times, Named Plaintiffs and all members of California Class earned "wages" for labor or services rendered to Defendants within the meaning of California Labor Code § 200(a).

76.     During all relevant times, Valero engaged in a widespread pattern and practice of failing to pay corner store workers for hours worked "off-the-clock." By requiring employees to work "off-the-clock" without compensation, Valero failed to pay Plaintiffs and the Class members earned minimum wages.

77.     Defendants, knowingly and willfully, fail to pay wages earned and due to its corner store workers who worked "off-the-clock." Defendants' conduct deprives Named Plaintiffs and members of the California Class of full and timely payment for all hours worked in violation of the California Labor Code.

78.     As a result of Defendants' willful and unlawful failure to pay Named Plaintiffs and Class members all earned wages due, Named Plaintiffs and the Class members are entitled to recover their unpaid compensation, liquidated damages, and the relief requested below.

## COUNT 4

### UNLAWFUL FAILURE TO PAY OVERTIME DUE
**(California Labor Code §§ 510, 558, 1194 *et seq.* and Wage Order No. 7-2001; Brought by Named Plaintiffs on Behalf of Themselves and All Members of the California Class)**

79.     The Named Plaintiffs, on behalf of themselves and all members of the California Class, repeat and incorporate by reference all prior paragraphs as if fully alleged herein.

80.     During all relevant times, Defendants required, and continues to require, their employees to work in excess of eight hours per workday and forty hours per workweek.

81.     During all relevant times, the California Labor Code § 510 and Wage Order No. 7-2001 required that an employer compensate all work performed by an employee in excess of eight hours in one work day and 40 hours in any one workweek, and all work performed by an employee during the first eight hours worked on the seventh day of work in any one workweek at one and one-half times the employee's regular rate of pay.

82.     Defendants, knowingly and willfully, failed to pay overtime wages earned and due to its corner store workers who worked "off-the-clock."  Defendants' conduct deprives Named Plaintiffs and members of the California Class of full and timely payment for all overtime hours worked in violation of the California Labor Code.

83.     As a result of Defendants' willful and unlawful failure to pay Named Plaintiffs and Class members proper earned overtime wages, Named Plaintiffs and the Class Members are entitled to recover their unpaid overtime compensation, liquidated damages and the relief requested below.

### COUNT 5

**UNLAWFUL FAILURE TO PROVIDE MEAL AND REST PERIODS**
**(California Labor Code §§ 226.7 and 512, and Wage Order No. 7-2001; Brought by Named Plaintiffs on Behalf of Themselves and All Members of the California Class)**

84.     Named Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

85.     Named Plaintiffs and the Class members were regularly compelled to work in excess of five hours a day and 10 hours a day without Valero providing half-hour meal periods in which they were relieved of all duties, as required by Labor Code §§ 226.7 and 512 and Wage Order No. 7-2001, § 11(A).

86.     Because Valero failed to authorize and permit uninterrupted off-duty meal periods, they are liable to Named Plaintiffs and Class members for one hour of additional pay at the regular rate of compensation for each workday that the full and uninterrupted off-duty meal periods were not provided, pursuant to Labor Code § 226.7 and Wage Order No. 7-2001, § 11 (D).

87.     Named Plaintiffs and the Class members were regularly suffered, permitted, and compelled to work over a four hour period (or major fraction thereof) without Valero authorizing and permitting them to take paid 10-minute rest periods in which they were relieved of all duties, as required by Labor Code §§ 226.7 and Wage Order No. 7-2001, § 12 (A).

88.     Because Valero failed to authorize and permit uninterrupted off-duty rest periods, they are liable to Named Plaintiffs and Class members for one hour of additional pay at the regular rate of compensation for each workday that the full and uninterrupted off-duty rest periods were not provided, pursuant to Labor Code § 226.7 and Wage Order No. 7-2001, § 12(B).

89.     Named Plaintiffs, individually and on behalf of Class members request recovery of meal and rest period compensation pursuant to California Labor Code §§ 226.7 and Wage Order No. 7-2001, as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the Labor Code and/or other statutes. Further, Named Plaintiffs and the Class members are entitled to seek and recover reasonable attorneys' fees.

## COUNT 6

### UNLAWFUL DEDUCTIONS FROM EARNED WAGES
### (California Labor Code §§ 221-223 and 400-410 Brought by Named Plaintiffs on Behalf of Themselves and All Members of the California Class)

90.     Named Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

91.     California Labor Code §§ 221-223 and 400-410 make it unlawful for an employer to deduct from wages for business losses unless the employer can establish that the loss was caused by a dishonest or willful act or by the culpable negligence of the employees.

92.     Valero has made and continues to make unlawful deductions from Named Plaintiffs and Class members' wages for business losses that were not caused by any dishonest or willful acts or culpable negligence on the part of the Named Plaintiffs and Class members. As a result, Valero is liable to Named Plaintiffs and Class members for the amounts unlawfully deducted.

93.     Valero has willfully or intentionally made and continues to willfully or intentionally make unlawful deductions from the Named Plaintiffs and Class members' wages.

94.     Named Plaintiffs, individually and on behalf of Class Members request recovery of wage deductions under the California Labor Code and relevant Wage Orders, as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the Labor Code and/or other statutes. Further, Named Plaintiffs and the Class members are entitled to seek and recover reasonable attorneys' fees.

### COUNT 7

### UNLAWFUL FAILURE TO PROVIDE ITEMIZED STATEMENTS
**(California Labor Code § 226 and Wage Order No. 7-2001; Brought by Named Plaintiffs on Behalf of Themselves and All Members of the California Class)**

95.     Named Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

96.     During all relevant times, Defendants intentionally failed to furnish to Named Plaintiffs and Class members, upon each payment of compensation, itemized statements accurately showing: total hours worked, the applicable hourly rates in effect during each pay period and the corresponding hours worked at each hourly rate.

97.     Named Plaintiffs and the Class members were damaged by these failures because, among other things, the failures led them to believe that they were not entitled to be paid overtime, even though they were so entitled and because the failures hindered them from determining the amounts of overtime compensation owed to them.

98.     Named Plaintiffs and the Class members are entitled to the amounts provided in California Labor Code § 226(e), plus costs and attorneys' fees.

### COUNT 8

### UNLAWFUL FAILURE TO KEEP REQUIRED PAYROLL RECORDS
**(California Labor Code §§ 226, 1174, 1174.5 and Wage Order No. 7-2001; Brought by Named Plaintiffs on Behalf of Themselves and All Members of the California Class)**

99.     Named Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

100.   Valero has violated California Labor Code §§ 226 and 1174 by willfully failing to keep required payroll records accurately showing the hours Named Plaintiffs and Class members worked, the start and end of each work period, meal periods, gross wages earned, and net wages earned.

101.   Valero is liable for civil penalties pursuant to California Labor Code §§ 226 and 1174.5.

102.   Accordingly, Named Plaintiffs and the Class members respectfully request that the Arbitrator award judgment and relief in their favor to provide restitution and other types of equitable relief.

## COUNT 9

### UNFAIR COMPETITION
### (California Business and Professions Code § 17200-17208; Brought by Named Plaintiffs on Behalf of Themselves and All Members of the California Class)

103.   Named Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

104.   Valero is a "person" as defined under Business & Professions Code § 17021.

105.   Valero's willful failure to pay overtime, as alleged above, constitutes unlawful and/or unfair and/or fraudulent activity prohibited by California Business and Professions Code § 17200.

106.   As a result of its unlawful and/or unfair and/or fraudulent acts, Valero reaped and continues to reap unfair benefits and illegal profits at the expense of Named Plaintiffs and Class members.  Valero should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to Named Plaintiffs and the Class members the wrongfully withheld overtime wages, to provide the Class members restitution for the withholding, and for delay in receiving the compensation and overtime wages due, pursuant to Business and Professions Code § 17203.

107.   Accordingly, Named Plaintiffs and the Class members respectfully request that the Arbitrator award judgment and relief in their favor to provide restitution with interest and other equitable relief.

Case No. _____   -- COMPLAINT FOR COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT AND CLASS ACTION UNDER CAL. LABOR LAW

22

## VII.    DEMAND FOR TRIAL BY JURY

108.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all triable questions of fact raised by the Complaint.

### PRAYER FOR RELIEF

WHEREFORE, Named Plaintiffs on behalf of themselves and all members of the proposed Nationwide FLSA Opt-In Class and California Class pray that the Arbitrator issue relief as follows:

A.    Designating this action as a collective action on behalf of the proposed Nationwide FLSA Collective Opt-In Class (asserting FLSA claims) and

(i) promptly issuing notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-In Class, which (a) apprises them of the pendency of this action, and (b) permits them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. §216(b);

(ii) tolling the statute of limitations on the claims of all members of the FLSA Opt-In Class from the date the original complaint was filed until the Class members are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their right to opt-in as Plaintiffs;

B.    Designating Named Plaintiffs McCarthy, McKnight, and Clifton as representatives of the FLSA Collective Action;

C.    Certifying this action as a Class Action on behalf of the California Class;

D.    Designating Named Plaintiffs McCarthy, McKnight, and Clifton as representatives of the California Class;

E.    Awarding damages, restitution, and statutory penalties to be paid by Defendants;

F.    Awarding costs and expenses, including reasonable attorneys' fees and expert fees;

G.     Awarding pre-judgment and post-judgment interest, as provided by law; and

Ordering such other and further legal and equitable relief as this Arbitrator deems, necessary, just

and proper.

                                        Respectfully submitted,


Dated: August 10, 2009            By:   _____
                                        Michael F. Ram (SBN 104805)
                                        mram@ramolson.com
                                        Karl Olson (SBN 104760)
                                        kolson@ramolson.com
                                        **RAM & OLSON LLP**
                                        555 Montgomery Street, Suite 820
                                        San Francisco, CA 94111
                                        Telephone: (415) 433-4949
                                        Facsimile: (415) 433-7311


                                        Marc Thomas Litton (SBN 119985)
                                        tmlitton@gmail.com
                                        **SANFORD WITTELS & HEISLER, LLP**
                                        555 Montgomery Street, Suite 820
                                        San Francisco, CA 94111
                                        Telephone:  (415) 421-4770
                                        Facsimile:   (415) 421-4784


                                        Steven L. Wittels (N.Y. SBN 2004635)
                                          (*Pro Hac Vice* Admission Pending)
                                        swittels@nydclaw.com
                                        **SANFORD WITTELS & HEISLER, LLP**
                                        1350 Avenue of the Americas, Suite 3100
                                        New York, N.Y. 10019
                                        Telephone: (646) 723-2947
                                        Facsimile: (646) 723-2948


                                        David Sanford (D.C. SBN 457933)
                                          (*Pro Hac Vice* Admission Pending)
                                        dsanford@nydclaw.com
                                        **SANFORD WITTELS & HEISLER, LLP**
                                        1666 Connecticut Avenue, NW, Suite 310
                                        Washington, D.C. 20009
                                        Telephone: (202) 742-7777
                                        Facsimile: (202) 742-7776


                                        *Attorneys for Plaintiffs Dorothy McCarthy, Sarndra*
                                        *McKnight, and Janice Clifton and the FLSA and*
                                        *California Plaintiff Classes*